Frank A. Gulotta, J.
This motion for an order directing defendant to furnish plaintiff with a true and exact copy of a report of a physical examination of the said plaintiff by the defendant’s physician is opposed on the ground that it is made subsequent to the filing, by plaintiff, of a note of issue and statement of readiness and is therefore barred.
Prior to the case of Baum v. Nussenbaum (7 A D 2d 991) decided in March, 1959, the established rule was that a plaintiff who voluntarily submitted to a physical examination by defendant’s physician could not demand a copy of that physician’s report unless there had been a previous agreement or understanding that plaintiff was to be furnished such a copy (Andrews v. Ghikas, 278 App. Div. 658). The Baum case, at least by implication, overruled the Andrews case and, insofar *715 as the Second Judicial Department is concerned, a copy of such a report may now be obtained unconditionally.
Defendant contends, however, that when plaintiff filed his note of issue and statement of readiness for the June 1958 Trial Term he waived his right under section 324 of the Civil Practice Act to a discovery and inspection. This latter section is encompassed within the statement of readiness rule and a motion thereunder might ordinarily be barred by the filing of such statement except that under paragraph c of subdivision 9 thereof, ‘ ‘ if unusual and unanticipated conditions subsequently develop which make it necessary that further pretrial examinations or further preliminary proceedings be had and if, without them, the moving party will be unduly prejudiced, the court may make an order granting permission to conduct such examinations or to take such proceedings and to prescribe the time therefor.” The court construes a change in the decisional law occurring subsequent to the filing of the statement of readiness to fall within the exception.
This motion is, therefore, granted in the exercise of discretion. Short-form order signed.